UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE EPHREM, an individual,
RAYMOND BURNS, an individual,
DALE BUFORD, an individual, and
DWAYNE AYERS, an individual,

        Plaintiffs,

vs.                                      CASE NO. 3:08-cv-1225-J-20JRK

CITY OF JACKSONVILLE,

        Defendant

                                              /

## ORDER

This matter is before this Court on Defendant City of Jacksonville's Motion for Partial Summary Judgment (Dkt. 21) and Plaintiffs' response thereto (Dkt. 25).

The Second Amended Complaint (Dkt. 13) alleges the City of Jacksonville ("City") failed to properly compensate Plaintiffs for work over 40 hours per week, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. In this motion, the City seeks a determination that Plaintiffs are only entitled to overtime compensation for time worked over 40 hours but less than 56 hours.

## I. FACTS[1]

All Plaintiffs were members of the Division of Fire Prevention ("Fire Prevention") within the Department of Fire Rescue ("DFR"). In 2003, Chief Roseberry was appointed as the Fire

---

[1] This Court's use of the word "facts" is solely for purposes of deciding the motion and are not necessarily the actual facts. *Kelly v. Curtis*, 21 F.3d 1544, 1546 (11th Cir. 1994)(citation omitted).

Prevention's Division chief. In the fall of that year, Chief Roseberry altered the work schedule for the fire investigators from a 42-hour work week to a 56-hour work week.

Since that time, all Fire Prevention employees assigned to the 56-hour schedules were compensated according to a collectively bargained agreement ("CBA"). The City bargained with its employees to establish the wages, hours, terms, and conditions of their employment. The International Association of Fire Fighters Union, Local 122, of which Plaintiffs are members, represented and negotiated on behalf of all the City's firefighters to set the terms of the CBA's employment.

The CBA provides for a 24-hours on/48-hours off schedule or, rather, the 56-hour work week schedule where the assigned employees average 56 work hours per week over a 27 day period. Although Fire Prevention employees may be assigned one of three possible schedules, such an assignment is solely within management's discretion as to which schedule will be assigned. Once a work schedule has been assigned, employees consult the CBA to identify the corresponding monthly salary within the CBA's pay schedules. If an employee worked in excess of their scheduled hours, the City compensated him at time and a half rate for ever hour beyond the assigned schedule.

Since 2003, all Fire Prevention employees assigned to the 56-hour schedules were compensated according to the CBA. But Plaintiffs were only paid overtime premiums for hours worked beyond the scheduled 56-hour work week, as well hours in excess of 204 per 27 days. Fire Prevention investigators remained on a 56-hour work week until September 2008, thereafter they were all assigned to a 40-hour work week schedule and compensated for overtime after 40 hours of work.

## II. STANDARD OF REVIEW

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show that there is no genuine issue as to any material fact in dispute and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56. The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

This Court recognizes that it may not decide genuine factual disputes at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). A dispute about a material fact is genuine, and summary judgment is inappropriate, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Haves v. City of Miami*, 52 F.3d 918, 921 (1995). Of course, the district court must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor. *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). If the district court finds, under the relevant standards, that reasonable jurors could find a verdict for the nonmoving party since a disputed factual issue exists, judgment should be denied. However, there must exist a conflict in substantial evidence to pose a jury question. *Walker v. Nationsbank*

3

*of Florida N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995) (quoting *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989)).

**III. ISSUES PRESENTED**

As a threshold matter, the City agrees that Plaintiffs are not exempt from FLSA's overtime provisions. However, the City contends Plaintiffs are only entitled to overtime compensation between 41 and 56 hours. The City bases this conclusion, first, on the pay schedules from the CBA. Second, the City stresses Plaintiffs salaries were intended to cover them for 56 hour work weeks, pursuant to 29 C.F.R. § 778.113.

Plaintiffs respond that § 778.113 does not apply. First, since it was not intended to cover an employee who worked more than 40 hours a week. Second, because § 778.113 is a bulletin entitled to no deference. Third, § 778.113 is unable to determine the compensation at issue here since the question is whether the Plaintiffs are entitled to half-time or time and one-half. Even if § 778.113 applied, Plaintiffs assert the City incorrectly concludes Plaintiffs are only entitled to overtime compensation after 40 hours. Finally, Plaintiffs contend that a genuine dispute of fact exists as to the level of overtime the CBA was intended to cover.

**IV. SIMILAR CASE**

During the pendency of this action, a similar case, *Lance Reynolds, et al. v. City of Jacksonville*, Case No. 3:08-cv-388-J-32HTS, was resolved by another court in the Jacksonville Division.[2] The *Reynolds* plaintiffs sought overtime compensation pursuant to the FLSA. The

---

[2] The case before this Court was originally filed in a court in the State of Florida. When it was removed, the City noted in the Civil Cover Sheet that it was related to *Reynolds*. (Case No. 3:08-cv-388-J-32HTS, Dkt. 52-1). The City, moreover, in *Reynolds* explained, "[t]he *Ephrem, et al.* matter is primarily based upon the same legal issues found in the instant matter." (Case No. 3:08-cv-388-J-32HTS, Dkt. 52).

4

case before this Court and *Reynolds* involve similar facts and issues of law, so much so that the parties agreed that discovery from *Reynolds* would be used in this action. (Dkt. 18).

In *Reynolds*, the City filed a motion for partial summary judgment that raised the same issues as the motion before this Court. (Case No. 3:08-cv-388-J-32HTS, Dkt. 31). The Plaintiffs' responses in both cases are (Case No. 3:08-cv-388-J-32HTS, Dkt. 32) remarkably similar and raise nearly identical issues.[3] The single distinction appears to be that the *Reynolds* plaintiffs also moved for partial summary judgment. (Case No. 3:08-cv-388-J-32HTS, Dkt. 39).

The *Reynolds* Court resolution of the matter appears directly on point. (Case No. 3:08-cv-388-J-32HTS, Dkt. 39). This Court finds this opinion to be persuasive authority in resolving the issues in this action. That order is incorporated into this Order, to the extent applicable.

## V. CONCLUSION

Accordingly, this Court concludes, as did the *Reynolds* Court, that Plaintiffs' salary was intended to compensate them for a 56 hour work week. Therefore, "the City is liable to Plaintiffs for an overtime premium (i.e., one-half the regular rate) for all weekly hours worked between 41 and 56, with the regular rate calculated by dividing Plaintiffs' respective weekly salaries (taking into account their rank and time in grade) by 56 hours." (Case No. 3:08-cv-388-J-32HTS, Dkt. 39).

---

[3] Any arguments raised by Plaintiffs not present in the summary judgment ruling in *Reynolds* merit no independent analysis.

5

According, it is **ORDERED**:

Defendant City of Jacksonville's Motion for Partial Summary Judgment (Dkt. 21) is **GRANTED**.

**DONE AND ENTERED** at Jacksonville, Florida, this ___ day of June, 2010.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
David B. Sacks, Esq.
Derrell A. Chatmon, Esq.